**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARLENE BANDA, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAPTIST VILLAGE RETIREMENT ) <br> COMMUNITIES OF OKLAHOMA, INC., ) <br> a domestic corporation, ) <br> ) <br> Defendant. ) | Case No. 09-CV-191-GKF-PJC |

**OPINION AND ORDER**

Before the court is the Motion of defendant Baptist Village Retirement Communities of Oklahoma, Inc. ("BVRC") to Dismiss Plaintiff's First Amended Complaint.

In ruling on a motion to dismiss, the court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citation omitted). In making this determination, the court considers "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974 (2007)). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. 544, 127 S.Ct. at 1974).

Plaintiff Darlene Banda ("Banda") alleges interference and retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611, et seq., and wrongful termination in violation of Oklahoma public policy.

The Tenth Circuit "has recognized two theories of recovery under § 2615(a) [of the FMLA]: an entitlement or interference theory arising from § 2615(a)(1), and a retaliation or discrimination

theory arising from § 2615(a)(2)." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006) (footnote omitted) (citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 960 (10th Cir.2002)). "The distinction between these two theories is important because the elements . . . that apply to § 2615(a)(1) claims differ from those that apply to § 2615(a)(2) claims . . . ." *Id.*    To state a claim for FMLA *interference*, a plaintiff must allege: "'(1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with h[er] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of h[er] FMLA rights.'" *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (quoting *Jones v. Denver Pub. Sch.,* 427 F.3d 1315, 1319 (10th Cir.2005)).  To state a claim for FMLA *retaliation*, a plaintiff must allege that: "(1) she engaged in a protected activity; (2) [defendant] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Campbell*, 478 F.3d at 1287 (quoting *Metzler*, 464 F.3d at 1171).

     BVRC contends Banda fails to state an FMLA retaliation claim.  Citing language in *Campbell*, BVRC argues that a retaliation claim may *only* be brought[1] when "the employee successfully took FMLA leave, was restored to her prior employment status, and was adversely affected by an employment action based on incidents post-dating her return to work." *Campbell*, 478 F.3d at 1287-88 (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1136-38 (10th Cir. 2003)).  In *Campbell*, the Tenth Circuit panel reviewed the district court's decision finding an interference theory to be inappropriate on facts presented on summary judgment in that case.  The panel disagreed with the district court, holding that plaintiff Doebele could assert both interference

---

[1]*Campbell* merely states that a retaliation claim "may be brought" when the employee successfully took FMLA leave and was restored to her prior position.  It may suggest, but does not explicitly state, that a retaliation claim may *only* be brought under such circumstances.

and retaliation claims under the FMLA because the employer cited only factors predating the employee's return to work to justify the adverse action.

In this case, Banda has sufficiently alleged the three elements of an FMLA retaliation claim. Although the bare allegations appear to fit the framework of an interference claim better than a claim for retaliation, this court concludes Banda has sufficiently alleged the elements of a retaliation claim. The motion to dismiss is denied, and the timing issue may be raised in a later motion.

BVRC seeks dismissal of Banda's FMLA interference claim because Banda did not provide BVRC sufficient notice to support her claim she was entitled to FMLA leave. Upon review of the allegations contained in the First Amended Complaint, the court concludes Banda has sufficiently stated a claim for FMLA interference.[1]

Finally, BVRC contends Banda's *Burk* tort claim must be dismissed because a state regulation cannot supply a sufficient statement of Oklahoma public policy. Citing Okla. Admin. Code § 310:675-7-17.1, Banda alleges that Oklahoma regulatory law requires nursing facilities to exclude personnel and visitors with communicable infections from the facility to prevent transmission of infections to residents.

The Tenth Circuit has noted that "[a]lthough many [Oklahoma Supreme Court] cases state that the policy must be articulated in "constitutional, statutory, or decisional law," others indicate that regulatory law is acceptable [as a source of clear and compelling Oklahoma public policy] as well." *Wilburn v. Mid-South Health Development, Inc.*, 343 F.3d 1274, 1277, n. 3 (10th Cir. 2003), citing *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989)("'In determining whether a clear mandate

---

[1] The analysis of proper notice to the employer under the FMLA is separate from the analysis of the substantive claim that an employer interfered with the exercise of an employee's FMLA rights. *Bones v. Honeywell Int'l., Inc.*, 366 F.3d 869, 877 n. 2 (10th Cir. 2004). Proper notice to the employer is an issue of fact more properly considered in a motion for summary judgment.

of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory or regulatory provision or scheme.'")(citing *Parnar v. Americana Hotels, Inc.*, 652 P.2d 625, 631 (1982)); *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 364 n. 19 ("When attempting to find and articulate a clear mandate of public policy, we look to the letter or purpose of a consitutional, statutory, or *regulatory* provision.")(emphasis added). *But see, e.g., Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1212 (Okla. 2008)("Only a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct for the state can serve as a source of Oklahoma's public policy.") In *Silver v. CPC-Sherwood Manor*, 84 P.3d 728 (Okla. 2004), the Oklahoma Supreme Court declined to "mire itself in the controversy . . . concerning whether certain agency rules . . . provide a permissible source of public policy . . .", as it found a sufficient source of public policy in Oklahoma statutory law in that particular case.

Upon review of the briefs and caselaw cited therein, this Court cannot conclude as a matter of law that a regulation can never provide a sufficient statement of Oklahoma public policy. The motion to dismiss Banda's *Burk* tort claim must be denied.

WHEREFORE, the Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. # 15] is denied.

IT IS SO ORDERED this 30th day of December 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma